IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00668-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

TOYOTA FINANCIAL SERVICES, and
PREDATOR RECOVERY INC. d/b/a SURE SHOT RECOVERY,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Keri L. Viegas's and James Viegas's Request for Entries of Default Judgement [Docket Nos. 26, 27], Toyota Financial Services's Motion to Vacate Entry of Default [Docket No. 32], and Predator Recovery Inc. d/b/a Sure Shot Recovery's Motion to Set Aside Entry of Default [Docket No. 37]. Plaintiffs filed a response, Docket No. 34, to Toyota Financial Services's motion to set aside the Clerk of Court's entry of default, but did not file a response to Predator Recovery Inc. d/b/a Sure Shot Recovery's motion to set aside the Clerk of Court's entry of default. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

I. **BACKGROUND**[1]

On March 11, 2024, plaintiffs Keri L. Viegas and James Viegas filed this case against defendants Toyota Financial Services ("Toyota") and Predator Recovery Inc. d/b/a Sure Shot Recovery ("PRI"). Docket No. 1. The complaint states that the basis of the Court's subject matter jurisdiction is 28 U.S.C. § 1331. *Id*. at 3. The complaint alleges that Toyota "tried to force extortion payments for a nonexistent lien" on Ms. Viegas' automobile. *Id*. at 4, ¶¶ 2, 8. Plaintiffs state that the loan was "paid off." *Id*., ¶ 3. Plaintiffs allege that, on March 7, 2024, PRI "stole Plaintiff Keri Lynn Viegas' private automobile" from her property. *Id*., ¶ 8. PRI was "notified by video to leave the property and refused." *Id*. Plaintiffs state that a "deputy from the El Paso County Sheriff's department assisted with the theft of the private automobile." *Id*. at 5, ¶ 10. Plaintiffs allege that Toyota ordered PRI to seize the car. *Id*., ¶ 12. Based on these allegations, plaintiffs assert several constitutional and statutory claims pursuant to 42 U.S.C. § 1983. *Id*. at 3. Plaintiffs allege that defendants "violated the Constitutional rights of Plaintiffs by trespassing and confiscating private property without due process thus violating Amendments 4 and 5 of the Constitution." *Id*. at 5, ¶ 15. Furthermore, plaintiffs allege that PRI violated 18 U.S.C. §§ 241, 242 "by trespassing when NO TRESPASSING signs were clearly posted." *Id*. at 4, ¶ 8. Finally, plaintiffs broadly allege that they suffered "reputational harm, defamation, negative credit reporting, [and] mental anguish injuries." *Id*. at 4.

---

[1] A full recitation of this case's background can be found in the Court's August 9, 2024 Order. *See* Docket No. 47 at 1-4.

On March 23, 2024, plaintiffs filed proof of service regarding Toyota.  Docket No. 12.  On March 27, 2024, plaintiffs filed proof of service regarding PRI.  Docket No. 15.  On April 22, 2024, plaintiffs moved for entries of default against Toyota and PRI.  Docket Nos. 21, 24.  That same day, the Clerk of Court entered default against defendants.  Docket Nos. 23, 25.  On April 23, 2024, plaintiffs filed motions for default judgment against defendants.  Docket Nos. 26, 27.  On April 24, 2024, defendants entered appearances.[2]  Docket Nos. 30 and 36.  That same day, Toyota filed a motion to vacate the entry of default.  Docket No. 32.  On April 25, 2024, PRI filed a motion to vacate the entry of default.  Docket No. 37.

On March 25, 2024, Magistrate Judge Maritza Dominguez Braswell *sua sponte* issued an order to show cause to plaintiffs regarding the Court's subject matter jurisdiction.  Docket No. 13.  Judge Dominguez Braswell noted that "it is unclear whether there is federal question jurisdiction" in this case because plaintiffs' "allegations of unlawful repossession, in light of the facts pled, do not appear to fall under any recognized legal claim created by federal law."  *Id*. at 3.  On March 25, 2024, plaintiffs filed a response to the order to show cause.  Docket No. 14.  On May 7, 2024, Judge Dominguez Braswell issued a recommendation to dismiss plaintiffs' claims without prejudice for lack of subject matter jurisdiction.  Docket No. 40.  Plaintiffs filed an objection on May 9, 2024.  Docket No. 41.  Defendants did not file any responses to plaintiffs' objection by the response deadline.

---

[2] PRI entered an appearance "for the limited purpose of moving to set aside the entry of default."  Docket No. 36.

3

pg 4 of 11

On August 9, 2024, the Court accepted in part and rejected in part the magistrate judge's recommendation and sustained in part and overruled in part plaintiffs' objection. Docket No. 47. The Court found that it had subject matter jurisdiction over plaintiffs' complaint under 28 U.S.C. § 1331 at this stage of the proceedings because plaintiffs raise a due process claim under the Fifth Amendment pursuant to 42 U.S.C § 1983. *Id*. at 8. The Court found that the issue of whether the complaint plausibly alleges that defendants are state actors for purposes of 42 U.S.C. § 1983 is more properly addressed at the motion to dismiss stage. *Id.*

## II. ANALYSIS

Toyota argues that there is good cause to set aside the entry of default. Docket No. 32 at 2. Toyota contends that, despite plaintiffs' assertion that they served Toyota by certified mail on Toyota's registered agent, Toyota never received plaintiffs' complaint or summons. *Id*. Furthermore, Toyota argues that it acted in good faith in failing to answer plaintiffs' complaint and that plaintiffs will not be prejudiced if the entry of default is set aside. *Id.* at 3. Toyota argues that it has a meritorious defense to plaintiffs' claims because plaintiffs fail to "properly plead" their allegations, the Court lacks jurisdiction to hear the claims, and plaintiffs' claims lack merit. *Id*. at 4. Plaintiffs argue that Toyota "willfully and purposefully avoided answering the complaint and summons" and it does not have a "meritorious defense for common law injury or for violations of the Constitution." Docket No. 34 at 2.

PRI argues that the Clerk's entry of default should be set aside because plaintiffs failed to properly serve PRI, good cause exists to set aside the entry of default, and PRI has meritorious defenses. Docket No. 37 at 3-10.

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.; Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Hunt v. Ford Motor Co.,* 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). The Court need not consider each factor and may consider other factors in its discretion. *Id*. The Court is guided by the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A*., 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). "[P]rocedural deficiencies such as inadequate service, lack of subject matter jurisdiction, or lack of personal jurisdiction constitute good cause allowing an entry of default to be set aside." *Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2010 WL 1268089, at *9 (D. Colo. Feb. 19, 2010), *report and recommendation adopted as modified*, 2010 WL 1268087 (D. Colo. Mar. 29, 2010), *aff'd*, 500 F. App'x 744 (10th Cir. 2012) (unpublished).

The first factor weighs in favor of defendants because there is no evidence that plaintiffs properly served defendants. Federal Rule of Civil Procedure 4(h) governs service of process on corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to

5

an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth v. TCER, LLC*, No. 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *3 (D. Colo. Oct. 13, 2021). In the alternative, a plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows service to be made "following state law" of either the state where the district court is located or where service is made. "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)). Under Colorado law, a plaintiff can effectuate service on a corporation by delivering a copy to "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant." Colo. R. Civ. P. 4(e)(4); *see also Howarth*, 2021 WL 4775270, at *4. However, "[e]xcept as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem." Colo. R. Civ. P. 4(g). Because "procedural deficiencies such as inadequate service . . . constitute good cause allowing an entry of default to be set aside," *Kriston*, 2010 WL 1268089, at *9, it is sufficient on this ground alone to set aside the entries of default against defendants.

Plaintiffs' proof of service regarding Toyota states that the summons was returned unexecuted. Docket No. 12 at 1. It notes that the process server "spoke with an individual who identified themselves as the security personnel and they stated service was not permitted. Service of Process must be performed at the defendant's receiving agent CT Corp. downtown Dallas." *Id.* Plaintiffs attach United States Postal Service ("USPS") tracking information for a package that was "Delivered to Agent for Final Delivery" in Dallas, Texas and a picture of two envelopes, one of which is addressed to "Toyota Motor Credit Corporation" in Tempe, Arizona and one of which is addressed to "CT Corporation System" in Dallas, Texas. *Id.* at 2-3.

Plaintiffs' proof of service regarding PRI states that the summons was returned unexecuted after attempting service at 1435 W. Vermijo Ave., Colorado Springs, CO 80904 and notes that the intended recipient moved locations. Docket No. 15 at 1. Plaintiffs filed another proof of service that states the summons was returned unexecuted at 3101 N. El Paso St., Colorado Springs, CO 80907 and notes that the intended recipient moved locations. *Id.* at 3. Plaintiffs attach USPS tracking information for a package that was "Delivered, Left with Individual" at an address in Colorado Springs, Colorado and a USPS proof of delivery. *Id.* at 5-6.

Service by mail is proper under Colo. R. Civ. P. 4 "only in actions affecting specific property or status or other proceedings in rem." Colo. R. Civ. P. 4(g). This is not a proceeding in rem. Therefore, plaintiffs did not properly serve defendants in accordance with Fed. R. Civ. P. 4 and Colo. R. Civ. P. 4. Because "procedural deficiencies such as inadequate service . . . constitute good cause allowing an entry of default to be set aside," *Kriston*, 2010 WL 1268089, at *9, the lack of proper service

7

alone could serve as the basis to set aside the entries of default. However, even if plaintiffs did properly serve defendants, additional factors weigh in favor of setting aside the entries of default.

As to the second factor, the Court finds no prejudice to plaintiffs in setting aside the entries of default because Toyota moved to vacate the entry of default two days after the Clerk's entry, Docket Nos. 25, 32, and PRI moved to vacate three days after the Clerk's entry. Docket Nos. 23, 37; *see Apex Mobility Transp., LLC v. First Transit, Inc.,* No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015) (finding no prejudice to the plaintiff "because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default"); *Procom Supply, LLC v. Langner,* No. 12-cv-00391-MSK-KMT, 2012 WL 2366617, at *3 (finding no prejudice in setting aside entry of default when defendant filed a motion for relief three days after default entered). Furthermore, defendants entered appearances the day after plaintiffs filed the motions for default judgment. *See Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (D. Colo. July 7, 2006) (finding no prejudice where the "[d]efendant's counsel entered an appearance seven days after the clerk's entry of default and filed the instant motion only ten days after the entry of default"). Given that it is still early in the case, the Court finds that plaintiffs will suffer no prejudice if the entries of default are vacated. Plaintiffs have not identified any prejudice that they would suffer from having to prove their case on the merits. *See Estate of Ortiz v. Lithia Motors, Inc.,* No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding no prejudice because plaintiff did not identify any undue prejudice it would suffer if the court set aside the Clerk's entry of

8

default); *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case.") (citation and internal quotation omitted).

Finally, defendants claim that they have meritorious defenses to plaintiffs' complaint. Docket No. 32 at 4; Docket No. 37 at 9. To determine whether defendants have a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978).

Toyota argues that plaintiffs' claims brought under 42 U.S.C. §§ 1983, 1988 and the Fourth, Fifth, and Seventh Amendments of the United States Constitution cannot be asserted against Toyota because it is not a state actor. Docket No. 32 at 4-5. Further, Toyota argues that it is not liable for any alleged wrongdoing related to the repossession of plaintiffs' vehicle because plaintiffs' account documents show an unpaid balance of $4,942.60. *Id*. at 5. Toyota claims that it attempted to communicate with plaintiffs regarding the unpaid balance and, after Toyota sent all proper notices to cure to plaintiffs, it repossessed the vehicle. *Id*. Toyota states after repossession it gave plaintiffs a further opportunity to cure, which plaintiffs did not act upon. *Id*.

PRI argues that plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 37 at 9. Specifically, PRI claims that plaintiffs fail to allege how 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Seventh Amendments are applicable to PRI as a private business. *Id.*

Assuming defendants' arguments are correct, *see In re Stone,* 588 F.2d at 1319, defendants could demonstrate meritorious defenses. *Id*. ("The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious"). Accordingly, defendants should have the opportunity to assert those defenses against plaintiffs' claims. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided").

Accordingly, the Court finds good cause to vacate the entries of default against defendants pursuant to Fed. R. Civ. P. 55(c).

### III. CONCLUSION

Therefore, it is

**ORDERED** that defendant Toyota Financial Services's Motion to Vacate Entry of Default [Docket No. 32] is **GRANTED**. It is further

**ORDERED** that defendant Predator Recovery Inc. d/b/a Sure Shot Recovery's Motion to Set Aside Entry of Default [Docket No. 37] is **GRANTED**. It is further

**ORDERED** that the Clerk of Court shall vacate the entry of default [Docket No. 23] against defendant Predator Recovery Inc. d/b/a Sure Shot Recovery. It is further

**ORDERED** that the Clerk of Court shall vacate the entry of default [Docket No. 25] against defendant Toyota Financial Services. It is further

**ORDERED** that plaintiffs Keri L. Viegas and James Viegas's Request for Entry of Default Judgment [Docket No. 26] as to defendant Toyota Financial Services is **DENIED**.  It is further

**ORDERED** that plaintiffs Keri L. Viegas and James Viegas's Request for Entry of Default Judgment [Docket No. 27] as to defendant Predator Recovery Inc. d/b/a Sure Shot Recovery is **DENIED**.

DATED February 21, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge