IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00668-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

Plaintiffs,

v.

TOYOTA FINANCIAL SERVICES, and
PREDATOR RECOVERY INC., d/b/a Sure Shot Recovery,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 120], regarding the motions to dismiss of defendants Predator Recovery Inc., d/b/a Sure Shot Recovery ("Sure Shot") and Toyota Financial Services ("TFS"). Docket Nos. 109, 112-1. Plaintiffs Keri L. Viegas and James Viegas and TFS filed objections. Docket Nos. 121, 123. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 120 at 2-4, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On September 30, 2025, plaintiffs filed their amended complaint (hereinafter, the "complaint") with leave of the magistrate judge. Docket Nos. 107, 108. Plaintiffs allege that "[t]his case arises from the unlawful seizure of Plaintiffs' 2018 Toyota RAV4 automobile and irreplaceable personal property on March 7, 2024." Docket No. 108 at 1, ¶ 1. Plaintiffs allege that TFS "wrongfully directed" Sure Shot to "seize the automobile" at issue. *Id.*, ¶ 2. The complaint asserts the following claims: (1) Unlawful Seizure and Due Process Violation, pursuant to 42 U.S.C. § 1983; (2) Civil Theft, pursuant to Colo. Rev. Stat. § 18-4-405; (3) Trespass, pursuant to Colorado common law; (4) Conversion, pursuant to Colorado common law; and (5) False Credit Reporting in violation of the Fair Credit Reporting Act ("FCRA") against TFS. *Id.* at 4-6.

On October 1, 2025, Sure Shot filed a motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 109 at 1. On October 15, 2025, TFS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 112-1 at 4-5. On February 5, 2026, the magistrate judge recommended that defendants' motions be granted, plaintiffs' federal claims be dismissed with prejudice, and that the Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Docket No. 120 at 11-12.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Claim One: 42 U.S.C. § 1983 Unlawful Seizure and Due Process Violation

The magistrate judge recommends dismissal with prejudice of Claim One because plaintiffs fail to plausibly allege state action as required to state a claim pursuant to 42 U.S.C. § 1983. Docket No. 120 at 5-9. Plaintiffs object, arguing that the recommendation erred by not analyzing whether defendants had the authority to repossess their vehicle. *See* Docket No. 123 at 2-4. Plaintiffs also contend that they plausibly alleged state action because the deputies with the El Paso County Sheriff's

Office assisted in the repossession of their vehicle. *See id.* at 4-6. Specifically, plaintiffs argue that "law enforcement officers were present, were informed of ownership, and permitted the seizure to proceed," which "[a]t minimum, . . . plausibly state a Fourth Amendment claim under § 1983." *See id.* at 7.[1]

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, under the state action doctrine, a proper defendant in a § 1983 action is one who represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted). Private entities can be considered state actors under § 1983 if they engage in conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (U.S. 1982). *Lugar* established a "two-part approach to this question of 'fair attribution'":

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.* *Lugar* held that a party may fairly be said to be a state actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

As an initial matter, whether defendants had a "valid, enforceable security interest" is irrelevant as to whether defendants are state actors for purposes of § 1983. *See* Docket No. 123 at 2. Similarly, whether there was "the permanent deprivation of personal property" is irrelevant to this inquiry. *See id.* at 8. The magistrate judge did

---

[1] Because plaintiffs' Objections One, Two, and Three are directed at the recommendation that Claim One be dismissed, *see* Docket No. 123 at 2-8, the Court considers these objections together.

not recommend dismissal of Claim One on this basis. Accordingly, the Court rejects plaintiffs' argument that the recommendation erred by not analyzing "whether Toyota possessed a valid and enforceable security interest at the time of the seizure." *See id.* at 3.

The Court next turns to plaintiffs' argument that they plausibly alleged defendants are state actors based on the conduct of deputies at the El Paso County Sheriff's Office during the repossession. *See id.* at 4-6. Plaintiffs contend that the deputies did not merely stand by as the vehicle was repossessed by defendants, but rather "responded to the scene, remained present during the seizure of the vehicle and its contents, ignored trespass warnings, illuminated Plaintiffs' property and home, and allowed the removal to proceed despite notice of disputed ownership and the filing of a stolen vehicle report." *Id.* at 4. Plaintiffs argue that "[w]hether deputies' conduct constituted significant aid in effectuating that seizure is a factual question not suitable for dismissal." *Id.* at 7.

As relevant to the issue of state action, the complaint alleges the following regarding the conduct of the deputies:

> Deputies from the El Paso County Sheriff's Department arrived after being contacted by HOA security. The deputies ignored trespassing warnings, shined lights into Plaintiffs' home windows, and stood by while Sure Shot Recovery hooked up the automobile and removed it.

Docket No. 108 at 3, ¶ 16. Plaintiffs contend that *Marcus v. McCollum*, 394 F.3d 813 (10th Cir. 2004) (reversed on other grounds), supports the proposition that "officers cross the constitutional line when they affirmatively intervene or lend official authority in a manner that facilitates repossession." *See* Docket No. 123 at 5. In *Marcus*, the Tenth Circuit determined that the question before the court was "whether the undisputed facts

show that the officers fulfilled their responsibility to keep the peace without aiding [defendant's] private repossession." *Marcus*, 394 F.3d at 820-21. Because there was "a fact issue as to whether the police officers were neutral in their efforts to keep the peace," the Tenth Circuit reversed the grant of summary judgment in favor of the police officers on plaintiffs' § 1983 claim. *See id.* at 822-23. Specifically, the Tenth Circuit noted that plaintiffs had asserted evidence that the police officers inquired into the legality of the repossession and determined that, despite plaintiffs' objections, the creditors could repossess the property. *See id.* at 821. The Tenth Circuit noted that "the officers repeatedly told [plaintiffs] to allow [creditor] to take possession of the automobile and threatened them with arrest if they continued to resist" and "may also have forcibly poked" plaintiff. *See id.* Here, plaintiff has failed to plausibly allege analogous facts. As *Marcus* notes, state action is not present "during a private repossession if [police officers] act only to keep the peace" and that police presence only "cross[es] the line" into state action if the officers "affirmatively intervene to aid the repossessor." *See id.* at 818. Plaintiffs allege no such affirmative conduct by the deputies, instead merely alleging that the deputies "stood by" and "shined lights" into plaintiffs' home. Docket No. 108 at 3, ¶ 16; *see Marcus*, 394 F.3d at 823 (finding that there was evidence "officers may have precluded a property owner from exercising her right to prevent her lawful property from being towed away from her own driveway"). Accordingly, the Court agrees with the recommendation that plaintiffs fail to plausibly allege state action as an element of Claim One and will dismiss the claim pursuant to Rule 12(b)(6).

The magistrate judge recommends that Claim One be dismissed with prejudice. *See* Docket No. 120 at 8-9 & n.2. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The allegations in the complaint show that the only basis for plaintiffs' allegation that defendants are state actors is that El Paso County deputies "ignored trespassing warnings, shined lights into Plaintiffs' home windows, and stood by while Sure Shot Recovery hooked up the automobile and removed it." *See* Docket No. 108 at 3, ¶ 16. As discussed above, this is insufficient to plausibly allege state action such that amendment would be futile. Plaintiffs provide no argument suggesting that they can assert plausible allegations that the deputies made a "determination of 'ownership' in favor" of defendants and took affirmative action to enforce such a determination. *Cf. Evers v. Bd. of Comm'rs of Torrance Cnty.,* 2008 WL 11451364, at *13 (D.N.M. Sept. 30, 2008) (denying defendants' motion to dismiss where the complaint plausibly alleged that the defendants knew the ownership of the property was in dispute, knew that plaintiff disputed the ownership, and nevertheless "worked . . . to enter the property through a window and unlock the front door" for the creditors). Moreover, plaintiffs did not move to amend their complaint, instead arguing in their objection that they should have been granted leave to amend. *See* Docket No. 123 at 11. However, "a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *Borsody v. Frontier Heritage Cmtys.*, 2026 WL 1894906, at *7 (10th Cir. June 15, 2026) (unpublished) (citation

omitted). Where a plaintiff fails to file a motion to amend, "the district court is not required to recognize, let alone grant, a motion to amend." *See id.* (citation omitted). Because plaintiffs fail to plausibly allege state action pursuant to Rule 12(b)(6) and the Court finds that amendment would be futile, the Court will dismiss Claim One with prejudice.

**B. Claim Five: Fair Credit Reporting Act**

The magistrate judge recommends dismissing Claim Five, plaintiffs' FCRA claim, because "Plaintiffs do not allege any specific failure in TFS's performance of its verification and correction duties" under FCRA. Docket No. 120 at 10. Plaintiffs object, arguing they "alleged that inaccurate information was furnished, that disputes were submitted, that agencies verified in favor of TFS, and that TFS failed to reasonably investigate." Docket No. 123 at 8. Furthermore, plaintiffs argue that, "even after the vehicle was sold and a discharge notice issued, TFS continues to report a charged-off account with an outstanding balance of $4,392." *Id.* at 9.

In order to state a claim for violation of FCRA, 15 U.S.C. § 1681-2(b), plaintiffs must plausibly allege facts "establishing that [defendant] failed to report the results of an investigation to any credit reporting agency." *See Race v. J.P. Morgan Chase Bank, N.A.*, No. 24-cv-01989-REB-KAS, 2025 WL 1267155, at *4 (D. Colo. Apr. 11, 2025). Plaintiffs' allegations in support of their FCRA claim are as follows:

> Toyota Financial Services furnished false information to Experian and TransUnion from February 2023 through February 2024 despite auctioning the automobile and issuing a discharge.
>
> Plaintiffs disputed the reporting, but Toyota Financial Services failed to reasonably investigate or correct inaccuracies.

> The account remains reported as closed with "Charge-off" status and a false balance of $4,392.

Docket No. 108 at 6, ¶¶ 37-39. Mere allegations that TFS either "did not conduct a reasonable investigation or did not report the results of its investigation" – based on the fact that TFS "continued to report the charges on [plaintiffs'] account" – are insufficient to plausibly allege that TFS failed to report results of an investigation to a credit reporting agency or failed to conduct an investigation. *See Race*, 2025 WL 1267155, at *4. "The mere fact that the charges continued to appear on the [plaintiffs'] account permits no such inference by itself; it is equally likely that [defendant] did investigate and found the charges warranted." *See id.* Instead, plaintiffs must provide allegations "describing [their] dispute with the challenged debts or Defendant's alleged 'unreasonable' conduct during an investigation." *See Williams v. LVNV Funding, LLC*, No. 14-cv-01356-MEH, 2014 WL 4066612, at *7 (D. Colo. Aug. 14, 2014). Plaintiffs do not describe the nature of their objection to the debt or provide allegations explaining why the value of the vehicle being auctioned would necessarily discharge the debt plaintiffs owed. Furthermore, plaintiffs do not explain the nature of TFS's investigation into the debt and why it was unreasonable. *See Williams v. Westlake Fin. Servs.*, No. 25-cv-02104-RMR-MDB, 2026 WL 2138241, at *3 (D. Colo. May 11, 2026) ("Essentially, Plaintiff asks the Court to infer that because allegedly inaccurate information in her credit reports remained unchanged after Defendant received notice of Plaintiff's dispute, Defendant must have violated its duty to investigate under the FCRA. This is insufficient for the Court to infer that an investigation did not occur, or that it did but was unreasonable."). Because plaintiffs' allegations are insufficient to state a FCRA claim, the Court will dismiss Claim Five pursuant to Rule 12(b)(6).

The magistrate judge recommends dismissing Claim Five with prejudice. Docket No. 120 at 10. Because the Court finds that plaintiffs fail to state a claim under FCRA pursuant to Rule 12(b)(6), dismissal with prejudice is proper if amendment would be futile. *See Brereton*, 434 F.3d at 1219. The Court finds that amendment would be futile because plaintiffs have not provided non-conclusory allegations that demonstrate TFS did not conduct an investigation or failed to report the results of its investigation to a credit reporting agency. Plaintiffs already had the opportunity to amend and represented that, through their amended complaint, they have now "allege[d] specific disputes with Experian and TransUnion, and Toyota Financial Services' failure to investigate or correct, meeting statutory element." Docket No. 102 at 2. Yet, as described above, plaintiffs have again failed to plausibly allege non-conclusory facts regarding TFS's investigation of the debt at issue. *See Serna v. City of Colo. Springs*, No. 23-cv-00728-DDD-MDB, 2024 WL 1714997, at *8 n.11 (D. Colo. Feb. 28, 2024), *report and recommendation adopted*, 2024 WL 1715004 (D. Colo. Mar. 29, 2024), *aff'd*, 2025 WL 471224 (10th Cir. Feb. 12, 2025) (dismissing pro se plaintiffs' claim with prejudice because "Plaintiffs have had an opportunity to amend, and the Court believes any further amendment would be futile"). Plaintiffs have not filed a motion to amend their complaint and do not identify additional facts that they could allege to support their claim. The Court is not obligated to consider their "bare request" for leave to amend in their objection. *See Borsody*, 2026 WL 1894906, at *7. Accordingly, the Court finds that amendment would be futile and will dismiss Claim Five with prejudice.

### C. State Claims[2]

TFS objects to the recommendation that the Court decline supplemental jurisdiction over plaintiffs' state law claims.[3] Docket No. 121 at 7-11. TFS argues that plaintiffs' state law claims are meritless and that "the courts in the District of Colorado regularly exercise supplemental jurisdiction over all of the instant state and federal claims." *Id.* at 7. TFS also argues that supplemental jurisdiction is appropriate because the state law claims arise out of the same factual allegations as the federal claims and that failing to exercise supplemental jurisdiction would be unfairly prejudicial and burdensome to TFS. *Id.* at 8-10.

Although the Court may exercise supplemental jurisdiction over a state law claim if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), *abrogated by Torres v. Madrid*, 592 U.S. 306 (2021) (brackets, citations, and internal quotation marks omitted). This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits." *Id*. at

---

[2] Plaintiffs argue that, "[b]ecause the Recommendation erroneously dismisses Plaintiffs' federal claims, the recommendation to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) necessarily fails." Docket No. 123 at 9. Given that the Court will dismiss the federal claims, the Court will overrule this objection.

[3] Sure Shot did not file an objection to the recommendation and therefore does not object to the recommendation that the Court decline supplemental jurisdiction over the state law claims.

1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)); *see also Aery v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 696 F. App'x 360, 361 (10th Cir. 2017) (unpublished) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citation omitted).

As TFS notes, the Court has the authority to exercise supplemental jurisdiction over plaintiffs' state law claims; however, the Court declines to do so. The Court finds that there are not "compelling reasons" to exercise supplemental jurisdiction where the Court will dismiss all of plaintiffs' federal claims. *See Brooks*, 614 F.3d at 1229-30. "[A]ny potential delay or duplication resulting from a dismissal without prejudice does not constitute a compelling reason to retain jurisdiction." *United States v. Ledford*, No. 10-cv-01351-PAB-MEH, 2012 WL 1079552, at *3 (D. Colo. Mar. 30, 2012). Thus, TFS's desire to avoid litigation of what it perceives to be meritless claims in the state court is not a compelling reason to deviate from the general rule that supplemental jurisdiction should be declined where all federal claims will be dismissed. Accordingly, the Court will dismiss without prejudice plaintiffs' state law claims, Claims Two, Three, and Four.

### D. Plaintiffs' Objection Regarding Application of Rule 12(b)(6) Legal Standard

Plaintiffs argue that the recommendation misapplies the Rule 12(b)(6) legal standard because it "repeatedly weighs competing inferences rather than accepting Plaintiffs' well-pleaded allegations" and "repeatedly adopts Defendants' framing of events rather than testing whether Plaintiffs' version is plausible." Docket No. 123 at 10. However, plaintiffs do not explain what well-pleaded allegations the recommendation failed to accept or what "framing of events" the recommendation improperly accepted as

true. A sufficiently specific objection must enable "the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel*, 73 F.3d at 1059 (citation omitted). Because plaintiffs' objection is not specific, the Court will overrule the objection. Moreover, the Court finds that the magistrate judge properly applied the Rule 12(b)(6) legal standard by accepting the well-pleaded facts as true, viewing the allegations in the light most favorable to plaintiffs, and determining that plaintiffs had not plausibly alleged a claim for relief. *See Casanova v. Ulibarri,* 595 F.3d 1120, 1124 (10th Cir. 2010).

The only specific finding challenged by plaintiffs is the recommendation's finding that "the Complaint does not allege that the officers assisted in Defendants' repossession or that the repossession would not have occurred but for the officers['] assistance." Docket No. 123 at 10; Docket No. 120 at 7. Plaintiffs argue that "[w]hether the seizure would have occurred absent law enforcement presence is a factual determination" and that plaintiffs alleged "deputies remained after notice of disputed ownership and allowed the removal to proceed." *Id.* As stated above, however, the plaintiffs did not allege in the complaint that El Paso County deputies received notice of "disputed ownership" and, even if plaintiffs had done so, there are no plausible allegations that the deputies took affirmative action to aid in the repossession. Therefore, the Court finds that the recommendation's finding is based on a proper application of Rule 12(b)(6) and will overrule plaintiffs' objection.

**E. <u>Leave to Amend</u>**

Plaintiffs contend that they should be granted leave to amend and that dismissal of their federal claims with prejudice was improper. *See id.* at 11. "Even though pro se

parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See Borsody*, 2026 WL 1894906, at *7 (alterations, internal quotation, and citation omitted). As stated above, plaintiffs' federal claims, Claims One and Five, will be dismissed with prejudice because plaintiffs fail to plausibly allege a claim for relief and amendment would be futile. Thus, plaintiffs' remaining state claims should also be dismissed. Accordingly, the Court will overrule plaintiffs' objection and dismiss their federal claims with prejudice and their state law claims without prejudice.

### F. <u>Non-Objected to Portions of the Recommendation</u>

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 120] is **ACCEPTED**. It is further

**ORDERED** that Plaintiffs' Objections to Magistrate Judge Recommendation [Docket No. 123] are **OVERRULED**. It is further

**ORDERED** that the Objections of Toyota Financial Services to Chief Magistrate Judge Scott T. Varholak's Recommendation [Docket No. 121] are **OVERRULED**. It is further

**ORDERED** that Sure Shot's Motion to Dismiss [Docket No. 109] is **GRANTED**. It is further

**ORDERED** that TFS's Motion to Dismiss [Docket No. 112] is **GRANTED**. It is further

**ORDERED** that Claims One and Five are **DISMISSED with prejudice**. It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiffs' remaining state law claims and such claims are **DISMISSED without prejudice.** It is further

**ORDERED** that this case is closed.

DATED August 31, 2026

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge